153195 Cobb v. Merit Systems Protection Board MSPB I'd like to start with Judge Hsu's comment about the statute, excuse me, and what appeal rights it provides. Well, I'd like to start with the regulation because I think the statute is very clear that it doesn't give you appeal rights. The regulation is a mess because the regulation seems to, on its face, preclude restoration rights for term employees. And that's not consistent with the statute, is it? I would disagree with that because the statute says nothing on its face about term-limited employees. It also says nothing about the statutory cover. Yeah, but did you look at the legislative history? The legislative history is pretty clear because it doesn't define it one way or another that it includes all employees. Well, it doesn't define it one way or another, so if you're going to say the statute is ambiguous because it is silent, then I think you need to give Chevron deference to OPM and to OPM's regulations interpreting the statute. Yeah, well, there's your problem because the regulations are pretty unclear, in my view. If you look at 353.304, it says an individual who is partially recovered from a compensative injury may appeal to the MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration. That's a broad appeal regulation, which seems to encompass this individual, even though she is only partially recovered and even though she is on a term-limited appointment, correct? Well, the 304 gives restoration rights to partially recovered employees, which, by the way, are not given in the statute. No, but I'm trying to answer my question. My question is, on its face, isn't she within the first sentence of 304C? She is, but she is not within Section 353.103, which defines people who are entitled to restoration rights. So what you're saying is that 103 cabins 304. Exactly. But it seems to me that's not necessarily true on the face of it because 103 doesn't say the only people who have appeal rights are permanent employees in these certain specified temporary employment. Well, I would respectfully disagree with that because I think it is pretty clear that it specifically excludes term-limited employees. It says anybody who is separated from employment without time limitation. And by definition, if you have a time limitation on an appointment— Yeah, but it's just saying who has rights. It's not saying who doesn't have rights, correct? That says that they do have rights if they're separated from employment without time limitation. All right, and then here you have another regulation which says that she has rights, and you're taking an implication from 102 or 103, whatever it is, to cabin 304. Well, I think that's the logical thing to do because of the order in which these regulations come. You usually have your definitions at the beginning. That's exactly what this is here. Persons covered is a definition of who falls under the regulation, and then you have the rest of the regulation telling you what your rights are if you fall under that category of persons covered. Well, the problem is the regulations aren't very clear, right? I feel they're clear, but— Can you answer this? I know you disagree, but hypothetically, let's assume I read 8151, the statute, as clearly covering both career and time-limited employees. If that's the case, then this regulation excluding time-limited employees from restoration rights conflicts with the statute, right? If you believe the statute is that explicit and that clear, then yes, I would have to agree with you. So if that's the case, but I think you also would have an argument that even though they have restoration rights, OPM didn't have to give them appeal rights. You can have restoration rights without appeal rights, right? That's correct. But it's not clear to me that's what OPM intended to do with this regulation. So what do we do with this? If we find that the regulation excluding term people from restoration rights is inconsistent with the statute, but we don't know whether OPM would have given appeal rights to term people if it thought the statute covered it or not, how do we resolve that? I guess you would want to hear from OPM, and there is a provision for the board by which OPM can defend its regulations if those are in question, and that's section, I believe, 5 U.S.C., section 1204F, if I remember correctly, in which the board— Why wouldn't you construe the regulation then to give the appeal rights to the temporary employee? Why wouldn't you construe the regulations to give the appeal rights to the partially recovered temporary employees if, in fact, the statute covers those people? Well, to be clear, I'm not conceding that it does, and I think it's— No, but if, if, if. I would have to say that if there is a clear conflict in the statute, then that is problematic. I don't think there is a conflict in the statute. I think the statute, at worst, is ambiguous. It doesn't speak to either partially recovered employees or to temporary employees. In fact, the legislative history specifically invites OPM to promulgate regulations concerning partially recovered employees, which OPM has done. I mean, doesn't the statute define for purposes of this, of FICA, an employee is defined as a civil officer or employee in any branch of the government? Yes. But it does not say career, temporary. It doesn't use the language that is used in the regulations. So, at worst, I believe it would be ambiguous because it's silent on that question. Thank you. I would also like to address Ms. Cobb's claim that she was not really a temporary employee, but if you have further questions on this issue, I would want to address those as well. No, I'm sorry. Go ahead. Regarding her claim that she was not really a temporary employee, I think the record is quite clear, as you pointed out, Judge Hughes, that all of her SF50s point only to temporary appointments, and there is no documents and no specific allegations in the record that would contradict that. Everything she says is conclusory, and to the extent that she introduced anything that was not conclusory, she did so extremely late before this court. She never, for example, pointed out before the administrative judge or the board that she was forced to take vacations at certain intervals that would coincide with her breaks from service. That's the sort of specific allegation that perhaps could have led to a jurisdictional hearing, but neither that allegation or anything else specific was ever presented to the administrative judge or the board. Anything more? There are no further questions. Okay. Thank you. Thank you, Ms. Smith. Mr. Hellman? Good morning, Your Honors, and may it please the Court. The distinction— Is there anything in the history of the rulemaking for this regulation that has any answers to this that you know of? I looked, and I couldn't find anything. I couldn't find anything either, Your Honor, although I think the basic— So let me ask you the question I just asked your friend. Let's assume that the statute covers both career and term-limited employees for restoration rights, and so that part of the regulation that limits it to career employees is inconsistent. OPM still, I think in my view, could have not given an appeal rights to term-limited employees, but it's not clear to me that that's what they intended to do. So how do we resolve this if that's our problem? Have you talked to OPM about this case? No, Your Honor. And taking Your Honor's hypothetical that the statute clearly covers both term-limited and career employees, which I think our position is it does not, it would seem that there would be a distinction between appeal rights and— Do you think there's—I mean, there's nothing in the regulatory— I mean, I looked very hard and it did not seem to me that there is anything in the Federal Register, the history of the rulemaking, and this statute and the rules for it go back to like 1914, that discusses these distinctions and whether you get appeal rights if you're a career employee but not a term employee, but you get restoration rights altogether. Nothing that mentions the distinction between those types of employees with respect to appeal rights or with respect to restoration rights. Because I think it makes sense to make the distinction with respect to restoration rights. No, no, you're right. I mean, if you read the statute your way and say the statute only applies to career employees, then everything's consistent. Right, which is our position because it talks about regular full-time employment. The government agencies have seasonal employees that park service that they rehire year after year. Where does the statute talk about regular full-time employment? The statute talks about regular full-time employment where it says the department or agency, which was the last employer— What section are you in? I'm in 5 U.S.C. 8151B1, which talks about after the injured employee resumes regular full-time employment with the United States. So the term resumes means that the— They just resume to work. Well, regular full-time employment. And our position is that that's just ambiguous. Yeah, I mean, this is the problem. Regular full-time employment doesn't have any real meaning in civil service law. I'm not aware of that kind of term being used to refer to either career or terminal employees. You could just as easily read that to mean they come back to work full-time. Sure, but the preface of that section says under regulations issued by OPM. Right. Here's the problem, though. You never in any of that regulatory rulemaking explain or provide an interpretation of that term in that it's ambiguous and you think that it means only career employees. I mean, I guess your answer is that's what the regulations say, so presumably that's what they meant. Yes, and specifically 5 CFR 353.103b talks about what they mean by employee. And again, it goes back to the nature of the temporary versus permanent type of positions. As in Ms. Cobb's case, her position no longer existed by the time she recovered from her injury because it was a term position. It makes no sense to offer restoration rights in that context. So I think the purpose behind the OPM regulations is reasonable. Well, except that it could make sense to offer restoration rights to term-limited employees if sometimes terms aren't one year, sometimes they're two years. If you get injured on the job three months into your two-year appointment, you recover six months later, Congress could admit for those people to have an unconditional right to return. They could have, but they delegated this to the agency, and I submit that the agency's regulation here is reasonable. There may be other reasonable regulations as well, but under Chevron, it just has to be reasonable. If the court does not have additional questions specifically on the statutory interpretation, then I'm happy to sit. Okay, thank you, Mr. Howland. Mr. Edmonds, we gave you two minutes here. Thank you. I appreciate the additional time. It was very quick. I want to return to point one that I made, which is the point that she gets an evidentiary hearing. A lot of the arguments that are made, and there's a summary, there's a list of them, and I think we've responded to them in our brief, are directed to what she would have presented had she been given the chance to provide evidence. What happened in this case is it got derailed very early in what the board, in its brief at page five, incorrectly refers to as a motion to dismiss the MSPB appeal. Honestly, I'm not sure how these factual allegations help you, because all you're saying is if she had restoration rights, she would have been converted to a full-time employee. But we first have to resolve whether the regulation itself could have given her restoration rights, and if it doesn't apply to term-limited employees, which she indisputably was at a certain point in time because she never actually was formally converted, then you can't bootstrap the restoration rights to accord her career rights that would then entitle her to rely on the restoration rights statute. Well, I think we have to be very clear about what the evidence is being used for. And the evidence that other people were similarly treated isn't being used to show the fact that she – I mean the fact that she would have been converted makes out a claim of a kind of erosion. Are you trying to say that the evidence shows that she was converted? No, that she was a permanent ab initio. So she was hired to do a job that lasted ten years with the Postal Service where everyone else was treated in a way they were given a permanent job at the end of their – They were given a permanent job. They weren't in a permanent job. Well, that's my – again, that's my language of this argument. But what actually happened when she was hired, they were hired. They stayed at the Postal Service. Let me ask you this. So – So absent – because you're still, I think, saying she would have been converted, not that she was converted. Absent an official act from the Postal Service, was she a career employee? She started as a career employee because of the nature of her employment and because of what was being done in the Postal Service at that time. So if she was a career employee and they didn't let her come back to work, she would have had the right to appeal this as an adverse action removal because she was a career employee and they didn't let her work. If it had been an adverse action removal, but it was not. It was a failure to restore. But yes, she would have had those rights. That would follow from this conclusion. But in this case – Is there any case where somebody can claim just because they served on a bunch of term-limited appointments and that everybody else got converted that they were de facto converted? There is no such case, Your Honor, and I've looked for it. But the case that does allow this is Grigsby. SF50s don't control. And there are subsequent – in fact, one that must have appeared after we filed our reply brief, though it was decided before LUNA where the court – it's non-presidential, but the court talks about it being a totality of the circumstances test. And the point is that she has the right to demonstrate from a totality of the circumstances what the nature of her employment relationship was because the SF50s don't control. And that's the only evidence. And again, we're talking about evidence that she has the right to dispute, to impeach, to do whatever she wants with it and present her own in full at an evidentiary hearing. But the only evidence that they rely on is the SF50s. So they're not saying – there's no contention contrary to her allegations that in fact all of the people who were hired in this way were ever expected to simply be temporary. Because they're not doing that. I think we're about out of time. Thank you, Your Honor. Thank you, Mr. Wright. I thank both counsel. The case is submitted. That concludes our session for this morning. Thank you. All rise. The Honorable Court has adjourned until 4.18 a.m.